**Freedom of Information Act Request**

May 7, 2020

Attn: Hugh Gilmore

Director of Division of Freedom of Information, Office of Strategic Operations and Regulatory Affairs
Centers for Medicare & Medicaid Services, Mailstop N2-20-16
7500 Security Boulevard
Baltimore, MD 21244
Via email: FOIA_Request@cms.hhs.gov

Dear Sir/Madam:

Pursuant to the Freedom of Information Act (5 U.S.C. § 552), Alex Shteynshlyuger MD requests that the CMS (Centers of Medicare and Medicaid Services and the Department of Health and Human Services) produce **all records** from **1/1/2015 to 5/5/2020 regarding**:

- Zelis or Zelis Healthcare;
- All communication involving or referring to Edward Fargis (edward.fargis@zelis.com or his other email accounts);
- All communication involving or referring to Matthew Albright (matthew.albright@zelis.com or his other email accounts); and
- A log of phone calls between any number at CMS to and from (678) 350-3810, (908) 389-8966, and (908) 268-2229.
- All communication involving or referring to Ed Fargis (edward.fargis@zelis.com or his other email accounts); and
- All communication involving or referring to Doug Klinger (doug.klinger@zelispayments.com or his other email accounts);
- All communication involving or referring to Ian Drysdale (ian.drysdale@zelis.com or his other email accounts)

Please produce all correspondence, memoranda, documents, reports, records, statements, audits, lists of names, applications, diskettes, letters, expense logs and receipts, calendar or diary logs, facsimile logs, telephone records, call sheets, tape recordings, phone call recordings, video/movie recordings, notes, examinations, opinions, folders, files, books, manuals, pamphlets, forms, drawings, charts, photographs, electronic mail, and other documents and things that refer to the above mentioned records in any way.

To aid your search, but not to limit the search in any way, it is my understanding that the following offices at CMS may have responsive records. Please note that additional offices may have responsive records as well:

1. The **office of the CMS Administrator**: Ms. Seema Verma

2. Office of Strategic Operations and Regulatory Affairs - **Kathleen Cantwell, Director**
    a. https://www.cms.gov/About-CMS/Agency-Information/CMSLeadership/Office_OSORA.html

3. The **Office of Information Technology Program** Management and National Standards Group - **Cora Tracy, Director**
    a. https://www.cms.gov/About-CMS/Agency-Information/CMSLeadership/Office_OIT.html

It is my understanding that **the following CMS employees and the staff they supervise have <u>intimate knowledge of the responsive documents,</u>** including those that may be found at other subdivisions at CMS:

1. **Ms. Cora Tracy,** a trained **lawyer,** has intimate knowledge of the responsive documents. Office of Information Technology
2. **Mr. George C. Hoffman**, Office of Information Technology
3. **Mr. Janet Vogel**, Deputy CIO & Deputy Director for Operations
4. **Mr. Scott Shippy** Office of Information Technology
5. **Mr. Madhu Annadata** Office of Information Technology
6. **Ms. Christine Gerhardt** Office of Information Technology
7. **Ms. Kathleen Cantwell** - Office of Strategic Operations and Regulatory Affairs; a trained **lawyer** who understands her FOIA responsibilities
8. **Mr. Rajiv Uppal** - Office of Information Technology
9. **Ms. Seema Verma** – CMS Administrator
10. **Ms. Kimberly Brandt** – CMS Principal Deputy Administrator for Policy & Operations
11. **Ms. Marilyn Tavenner** - CMS Administrator 2011-2015
12. **Mr. Andrew M. Slavitt** – CMS Administrator 2015-2017
13. **Mr. Matthew Albright** – CMS Director and Deputy Director Administrative Simplification Group, Office of Ehealth Standards 2010-2014
14. **Christine Stahlecker** Director, Administrative Simplification Group at CMS 2012-2012

Please note that the materials responsive to this complaint reside **at the national CMS office in Baltimore, Maryland**. This complaint does **NOT** belong in the regional New York office.

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, sufficient identifying information (with respect to each allegedly exempt record or portion thereof) must be provided to allow the assessment of the propriety of the claimed exemption. Vaugh v. Rosen, 484 F.2d 820 (D.C. Cir 1973), cert denied, 415 U.S. 977 (1974). Additionally, any reasonably

segregable portion of a responsive record must be provided to me after the redaction of any allegedly exempt material, as the law requires. 5 U.S.C. § 552(b).

In order to help to determine my status for purposes of determining the applicability of any fees, you should know that I am a physician and a specialist in health economics with publications in peer-reviewed journals such as:  Cost-effectiveness of PSA Screening.  **I have been an advocate for administrative simplification in healthcare**. I am willing to pay fees up to the amount of $250. If the fees will exceed this amount, please inform me before fees are incurred.

In addition, I would like to r**equest a fee waiver**:

1. The records are sought for their informative value with respect to specifically identified government operations or activities.  CMS has issued decisions that may be contrary to law and publicly stated policies.  CMS may have improperly closed complaints and engaged in other corrupt activities.  Public examination of these records may shine a light on fraud, abuse, and waste perpetrated and/or abetted by the federal government.
2. The disclosure of these records is likely to **contribute to an understanding of government operations and activities** including possible improper activities. I plan to distribute the information via my website, social media, blog, and interested members of the Media, which include AMA Newswire, Reuters Health, and interested organizations, which include the MGMA (Medical Gropu Management Association), AMA (American Medical Association) among others.
3. The disclosure will **contribute to public understanding** of the factors involved in the agency's decisions related to electronic transactions.  The disclosure is **of interest to the general public**. This issue has been addressed by multiple public organizations including the American Medical Association, which represents close to a million physicians in the United States.  Low-cost electronic transactions are in public interest since they lower the cost of healthcare, a major public concern.
4. I have **no significant commercial interest in the disclosure**. The decisions that impair electronic transactions have a marginal cost of less than $500 per year in gross expenses.  In comparison, these **costs amount to <u>hundreds of millions of dollars in unnecessary costs to healthcare providers nationwide that are passed on to the consumers of healthcare services</u>**.  Administrative costs account for up to 20% of healthcare insurance premiums in the US, on the order of $3923 per family per year according to the National Conference of State Legislatures (<u>http://www.ncsl.org/research/health/health-insurance-premiums.aspx</u>).

I can be contacted at 718-395-6464 or by email: dralex@newyorkurologyspecialists.com, if necessary to discuss any aspect of this request.

I would prefer to receive the requested information in a **digital format, preferable downloadable via the internet.** I look forward to receiving the requested documents and a full fee waiver within twenty (20) business days.

Sincerely,

 Recoverable Signature



Alex Shteynshlyuger MD
Director of Urology
Signed by: d4aa26c7-f0c1-4b84-8cb9-1bcedd7cfccb

New York Urology Specialists

33 W. 46th St. 5th Fl, New York, N.Y. 10036