UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEX SHTEYNSHLYUGER,

Plaintiff,

v.

CENTERS FOR MEDICARE AND
MEDICAID SERVICES, et al.,

Defendants.

Civil Action No. 20-2982 (RDM)

## JOINT STATUS REPORT

Plaintiff Alex Shteynshlyuger and Defendants Centers for Medicare and Medicaid Services ("CMS") and U.S. Department of Health and Human Services, through counsel, respectfully submit this Joint Status Report in accordance with the Court's August 29, 2024, Minute Order.

1.     This is a Freedom of Information Act ("FOIA") case. Plaintiff filed his complaint on October 16, 2020, and Defendants timely answered on November 30, 2020. The case concerns eight FOIA requests Plaintiff submitted to CMS in 2020.

2.     On September 30, 2023, the Court issued a Memorandum Opinion and Order on the parties' cross-motions for summary judgment in this FOIA case, denying CMS's motion for summary judgment and granting in part and denying in part Plaintiff's motion for summary judgment. ECF No. 46.

3.     As previously reported, on December 8, 2023, Defendants provided Plaintiff with a detailed methodology for its supplemental search (i.e. the search terms and locations to be searched) to be conducted, requested by Plaintiff.

4.     That same day, the parties also jointly filed a proposed schedule for further proceedings in this case, ECF No. 49, which the Court adopted on December 15, 2023.

5.    As previously reported, Plaintiff advised Defendants that certain additional information would be helpful for purposes of evaluating the proposed methodology for the supplemental searches. Since then, and as previously reported, on December 15, 2023, December 19, 2023, December 28, 2023, February 2, 2024, June 26, 2024, October 30, 2024, March 27, 2025, and April 17, 2025, Defendants have provided answers to numerous rounds of multi-part questions from Plaintiff.  Defendants believe that this completes Defendants' obligations under Plaintiff's inquiries regarding the evaluation of the proposed methodology for the supplemental searches.

6.    As previously reported, in compliance with the Court's Minute Order dated April 22, 2025, on May 7, 2025, Defendants provided a page count to Plaintiff for FOIA Request **041320207068** (1,454 pages with or without spreadsheets). FOIA Request **051820207004** (83 pages with or without spreadsheets), **050420207041** (13,734,054 pages with spreadsheets and 224,499 pages without spreadsheets), FOIA Request **050620207011** (1,232,730 pages with spreadsheets, 843,115 pages without spreadsheets), FOIA Request **072320207002** (5,832 pages with or without spreadsheets), and FOIA Request **072920207040** (15,995,708 pages with spreadsheets, 1,258,034 without spreadsheets) submitted by Plaintiff.  As previously reported, for FOIA Request **041320207068**, Defendants provided to Plaintiff the comprehensive breakdown of the search terms requested for FOIA Request 041320207068 and informed Plaintiff that the search yielded 145 items rather than the original 93 items because as Defendants' vendor explained, the search was dependent on the way Microsoft indexes and deduplicates its searches, which is not always replicable.  Thereafter, Defendants provided the page count for FOIA Request FOIA Request **050720207010** and for FOIA Request **061120207021/duplicate of 051220207007** but incorrectly transposed the numbers related to these two requests.  The corrected page count is as

2

follows: for FOIA Request **050720207010** (spreadsheets 35,511- pages with spreadsheets, 17,549 pages without spreadsheets), FOIA Request **061120207021/duplicate of 051220207007** (7,672 pages with spreadsheets, 5,454 pages without).  Information on the number of pages for FOIA Requests **050720207010** and **061120207021/duplicate of 051220207007** was submitted after the May 7, 2025, deadline because the vendors have been swamped with multiple litigation requests that have bogged down the tool they use to run searches.  The page count for FOIA the two FOIA requests are as follows: 050720207010 (7,672 with spreadsheets, 5,454 pages without spreadsheets) and 061120207021 (35,511 with spreadsheets, 17,549 without spreadsheets).

7.      On September 25, 2025, Defendant met with Plaintiff and DOJ counsel to explain that Defendant proposes using Defendant's search terms and matching those results against Plaintiff's search terms to determine whether any discrepancies between the two searches exist. Defendant also informed Plaintiff that due to restrictions on the capacity of its vendors, the detailed search reports will not be available at the filing of the prior JSR.

8.      On December 12, 2025, Defendants provided Plaintiff, through DOJ, detailed search reports in Excel format for all 8 FOIA requests.  As previously reported, the parties agreed that following the release and review of the detailed search reports, the parties would confer to understand what, if any, issues exist with the proposed supplemental search and whether an agreement can be reached.

9.      On February 27, 2026, the parties productively met and conferred via Microsoft Teams.  Plaintiff reviewed the search reports reflecting Defendant's search methodology that were provided on December 12, 2025. Plaintiff requested that Defendant also generate search reports using Plaintiff's proposed methodology, after which Plaintiff will identify specific email families from those reports to avoid further disputes regarding the scope of the email search.

10.     On March 2, 2026, the Defendant, through DOJ, provided detailed search reports to Plaintiff for all eight FOIA requests: 041320207068, 050420207041, 050620207011, 050720207010, 051820207044, 061120207021/duplicate of 051220207007, 072320207022, and 072920207040.

11.     Pursuant to the parties' agreement, on April 24, 2026, Plaintiff provided Defendant with a list selected of email families to search for potentially responsive records as well as additional questions regarding the search parameters. The Defendant is now reviewing the list Plaintiff provided as well as drafting a response to the questions posed by Plaintiff. Once it has completed its review, Defendant will provide Plaintiff an expected page-count of potentially responsive records.

12.     The parties will continue to work to narrow or resolve any remaining issues and propose that they file an additional Joint Status Report on or before June 15, 2026, to update the Court on the status of the proceedings.

*     *     *

Dated: April 28, 2026
      Washington, DC

/s/ *Merrick Jason Wayne*
Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
Stephen Stich Match, D.C. Bar No. MA0044
Loevy & Loevy
311 N. Aberdeen Street Third Floor
Chicago, IL 60607
(312) 243-5900 (Wayne)
foia@loevy.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:       /s/ *Zachary J. Krizel*
    ZACHARY J. KRIZEL
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2520
    Zachary.krizel@usdoj.gov

*Attorneys for the United States of America*